**Steven D. Olson**, OSB No. 003410
  Direct Dial: 503.802.2159
  Email: steven.olson@tonkon.com
**Paul Conable**, OSB No. 975368
  Direct Dial: 503.802.2188
  Email: paul.conable@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204-2099

   Attorneys for Plaintiff Leif Hansen

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| LEIF HANSEN, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation,<br><br>                    Defendant. | Civil No. 3:17-cv-01986-MO<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MOTION TO DISMISS** |

Defendant Government Employees Insurance Company ("GEICO") moves the Court for an order dismissing this case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiff Leif Hansen ("Hansen") respectfully requests that the Court deny GEICO's motion, ECF Dkt. No. 21.[1]

---

[1] Hansen separately addresses GEICO's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) in the concurrently filed Plaintiff's Opposition to Government Employees Insurance Company's Motion to Strike.

PAGE 1 -    PLAINTIFF'S OPPOSITION TO DEFENDANT GOVERNMENT EMPLOYEES
            INSURANCE COMPANY'S MOTION TO DISMISS

## INTRODUCTION

GEICO argues that Hansen does not allege a concrete, redressable injury. Based on this purported defect in the Complaint, GEICO argues that Hansen lacks standing and has failed to sufficiently allege breach of contract and breach of the implied duty of good faith and fair dealing. GEICO is wrong.

In his Complaint, Hansen alleges that GEICO refused to pay for pre- and post-repair electronic scans of Hansen's vehicle after a collision. These scans cost a total of $200. GEICO's refusal to pay the $200 for these scans was a breach of GEICO's contractual obligation to pay for any collision loss to vehicles insured under its policy. Regardless of any latent damage that the scans may have identified and the risk inherent in driving a vehicle that has been only partially repaired, GEICO's conduct injured Hansen in the amount of $200. He has suffered a concrete injury that the Court can redress by awarding Hansen money damages. He therefore has Article III standing to bring his claims and has sufficiently alleged the elements of breach of contract and breach of the implied covenant of good faith and fair dealing.

## STANDARDS

A motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* GEICO's jurisdictional attack is facial because GEICO expressly concedes that Hansen's allegations "are true for the purposes of this Motion." GEICO's Motion to Dismiss (Motion) at 3–4. GEICO's 12(b)(1) motion is therefore subject to the same standards as a motion to dismiss

for failure to state a claim.  *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012).

A district court may grant a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  When evaluating the sufficiency of a complaint's factual allegations, courts must accept as true all well-pleaded material facts alleged in the complaint and construe the facts in the light most favorable to the non-moving party.  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

## SUMMARY OF FACTS

Hansen holds a GEICO car insurance policy, including collision coverage, for his GMC Sierra 3500 pickup truck ("Sierra 3500").  Compl. ¶ 8.  His insurance policy provides that GEICO "will pay for collision loss to the owned auto or non-owned auto for the amount of each loss less the applicable deductible."  Motion, Ex. 1 at 11 (Policy) (emphasis omitted).  The policy defines "loss" as "direct and accidental loss of or damage to * * * an insured auto, including its equipment."  Policy at 10.  GEICO issued Hansen's current insurance policy on October 23, 2017.  Policy at 1.

On November 17, 2017, the Sierra 3500's rear bumper was damaged in a collision.  Compl. ¶ 11.  On November 4, 2017, Hansen filed a claim with GEICO, and soon after, he brought his truck to Artistic Car Body (Artistic) for a repair estimate.  *Id.*  Hansen requested electronic scans to ensure a safe and complete repair.  Each scan costs about $100, so the total cost of pre- and post-repair electronic scans is $200.  *Id.* ¶ 14.  Hansen knew these scans

were a necessary part of collision repairs from his experience as an owner of a group of Portland-area auto repair shops. *Id.* ¶ 12. Nissan, Honda, Toyota, General Motors (GM), and the Automotive Service Association (ASA) all require or recommend that auto collision repair shops perform electronic scans before and after repairs. *Id.* ¶¶ 12–18.

GEICO refused to authorize or reimburse Hansen for pre- and post-repair electronic scans of the Sierra 3500. *Id.* ¶¶ 20–21. By refusing to pay for a complete repair of Hansen's truck, GEICO's conduct violated the express terms of its insurance policy. *Id.* ¶¶ 21–23, 37–42. On December 13, 2017, Hansen filed a class action complaint, alleging breach of contract and breach of the implied covenant of good faith and fair dealing on behalf of a nationwide class of current and former GEICO insureds, based on GEICO's uniform practice of refusing to pay for pre- and post-repair electronic scans. *See id.* ¶ 29.

In the Complaint, Hansen specifically alleges that he and other GEICO policyholders "do not receive payment for the full extent of their losses and are denied complete and safe repairs." *Id.* ¶ 2. He alleges economic harm based on the fact that "GEICO continues to refuse to compensate [him] for pre- and post-repair electronic scans on the Sierra 3500." *Id.* ¶ 21. Like other policyholders, Hansen has "receiv[ed] incomplete compensation for [his] collision losses . . . *for the scans themselves*," as well as for "further necessary repairs that the scans would reveal." *Id.* ¶ 41 (emphasis added). Although Hansen paid his insurance premiums, GEICO reimbursed him for an amount "below the actual amount of loss," which was at least $200 higher than what GEICO paid. *See id.* ¶¶ 39, 48.

**ARGUMENT**

**I.    Hansen Has Alleged an Injury-in-Fact that Is Redressable by the Court.**

Under Article III of the U.S. Constitution, a court cannot decide a legal dispute or expound on the law in the absence of "a case or controversy."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013).  To establish a case or controversy, and thus have Article III standing, a plaintiff must have a "personal interest."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).  The personal interest must satisfy three elements throughout litigation:  (1) injury in fact, *i.e.*, an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent; (2) causal connection between the injury-in-fact and the defendant's challenged behavior; and (3) likelihood that the injury-in-fact will be redressed by a favorable ruling.  *See id.* at 180–81, 189; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

GEICO argues that Hansen has not alleged a redressable injury-in-fact because "he only alleges it is possible some unidentified, speculative, invisible damage could exist after the repair."  Motion at 5.  GEICO also suggests that Hansen may not have suffered injury because, as "an experienced owner of multiple auto body shops with the equipment to perform the scans," he could have performed the scans "at likely no cost to him."  *Id.*  By GEICO's logic, it could send Hansen a check for the necessary parts and have him do the entire repair himself without being liable for breaching the insurance contract.  GEICO seems to suggest that it could breach its policy agreement with impunity as long as Hansen could perform repair work himself, at his own cost, using his own labor and equipment.

But of course the possibility that a customer could fix his own car does not somehow free GEICO from its obligations under its policy agreement.  GEICO fails to recognize

that the express terms of its policy agreement obligate GEICO to pay for *all* collision losses to an insured vehicle, minus only the applicable deductible.  Hansen alleges, and GEICO admits for purposes of this motion, that electronic scans constitute necessary repairs after *every* collision and qualify as part of the collision loss or equipment damage for which GEICO must compensate its insureds under the policy.  By failing to pay the $200 for pre- and post-repair electronic scans of Hansen's Sierra 3500, GEICO breached the policy agreement and injured Hansen in the amount of $200.  Hansen therefore sustained injury whether or not his auto body repair shops have the ability to perform the electronic scans, detect additional damage, and reset the truck's diagnostic codes at his own cost.  The possibility of undetected damage to Hansen's truck supports his allegation that the scans are necessary repairs, but is not the basis of his injury.

Hansen's alleged economic harm—deprivation of money to which he was legally entitled—is a quintessential injury-in-fact.  *See Sierra Club v. Morton*, 405 U.S. 727, 733 (1972) ("[P]alpable economic injuries have long been recognized as sufficient to lay the basis for standing * * *").  Additionally, if an injury-in-fact is redressable by money damages, the injury satisfies the redressability prong of Article III standing.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998); *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1172 (9th Cir. 2002) ("[B]ecause the award of money damages will redress the injury of lost wages, the third element is also met.").  Hansen's roughly $200 in damages, far from being conjectural or hypothetical, is precisely the type of "real, and not abstract" injury—capable of being redressed by a favorable ruling—that confers Article III standing.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotation marks omitted) (quoting *Webster's Third New International Dictionary* 472 (1971) and *Random House Dictionary of the English Language* 305 (1967)).  The Court should deny GEICO's motion under Rule 12(b)(1).

**II.     Hansen Has Sufficiently Alleged the Elements of a Breach of Contract Claim.**

To state a claim for breach of contract, a "plaintiff must allege the existence of a contract, 'its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff.'" *Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. Ct. App. 1996) (quoting *Fleming v. Kids and Kin Head Start*, 693 P.2d 1363 (Or. Ct. App. 1985)). GEICO argues that Hansen has not alleged that GEICO breached any policy term or that he suffered damages. Hansen has alleged both.

As discussed above, Hansen alleges that his insurance policy constituted an enforceable contract with GEICO whereby GEICO agreed to "pay for collision loss to the owned auto or non-owned auto for the amount of each loss less the applicable deductible." Compl. ¶¶ 10, 40; Policy at 11 (emphasis omitted). GEICO breached the contract by refusing to compensate Hansen for electronic scans, which constitute necessary repairs and part of the "collision loss" to Hansen's truck. Compl. ¶¶ 41–42. Hansen, like all similarly situated GEICO insureds, suffered damages at least in the amount of roughly $200, the value of the scans. *See* Compl. ¶¶ 14, 41, 43. GEICO may believe that electronic scans are unnecessary and constitute no more than Hansen's "preferred tool to identify damage," Motion at 11, but this is a factual issue properly resolved by the trier of fact. Hansen's allegations that GEICO breached its contractual obligations by failing to pay $200 for essential collision repairs meet the requirements for a breach of contract claim. *See Slover*, 927 P.2d at 1101–02.

**III.    Hansen Has Sufficiently Alleged the Elements of a Breach of the Implied Duty of Good Faith and Fair Dealing.**

The implied duty of good faith and fair dealing "focuses on the 'agreed common purpose' and the 'justified expectations' of both parties." *Klamath Off–Project Water Users. Inc. v. Pacificorp*, 240 P.3d 94, 101 (Or. Ct. App. 2010) (quoting *OUS v. OPEU*, 60 P.3d 567, 572

(Or. Ct. App. 2002)). GEICO argues that Hansen cannot state a claim for breach of this implied duty because either (1) his expectation that GEICO would provide electronic scans for his Sierra 3500 was not reasonable, or (2) GEICO could not possibly have frustrated Hansen's expectation because his truck was properly repaired. Yet again, GEICO tries to recast factual issues as legal ones.

Hansen has alleged that electronic scans constitute necessary collision repairs, without which his truck could not possibly be restored to pre-loss condition. Compl. ¶¶ 47–48. Based on the express terms of the policy, it was reasonable for Hansen to expect these repairs, and GEICO frustrated this expectation by refusing to pay for them. *Id.* ¶¶ 47–49. GEICO may disagree that Hansen's expectations were reasonable or that GEICO failed to live up to Hansen's expectations, but Hansen's position is that a proper determination of the scope of necessary repairs or confirmation that repairs have been performed properly and completely is a "justified expectation" under the insurance contract that GEICO has failed to meet. The Court cannot resolve this dispute on a motion to dismiss. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *cf. Subramaniam v. Beal*, 2013 WL 5462339, at *6 n.5 (D. Or. Sept. 27, 2013) ("A borrower can reasonably expect that payments on their loan will be properly recorded and credited. Plaintiff is not required to prove that defendant failed to do so in order to survive a motion to dismiss—she must only state a plausible claim for relief.").

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE 8 -   PLAINTIFF'S OPPOSITION TO DEFENDANT GOVERNMENT EMPLOYEES
            INSURANCE COMPANY'S MOTION TO DISMISS

## CONCLUSION

GEICO has failed to establish that there is no cognizable legal theory to support Hansen's claims or that the Complaint lacks sufficient factual allegations to state a facially plausible claim for relief. Hansen respectfully requests that the Court deny GEICO's Motion to Dismiss.

DATED this 15th day of February, 2018.

        TONKON TORP LLP

        By: *s/ Steven D. Olson*
            Steven D. Olson, OSB No. 003410
            Paul Conable, OSB No. 975368

        Attorneys for Plaintiff Leif Hansen

039599/00001/8691272v2