**Scott Brooksby**, OSB #950562
E-mail: sbrooksby@olsonbrooksby.com
**Kristin Olson**, OSB #031333
E-mail: kolson@olsonbrooksby.com
**OLSON BROOKSBY PC**
1020 SW Taylor St., Suite 400
Portland, OR  97205
Telephone: 503.290.2420

**Dan Goldfine** (admitted *pro hac vice*)
E-mail: dgoldfine@lrrc.com
Telephone: 602.262.5392
**Ian M. Fischer** (admitted *pro hac vice*)
E-mail: ifischer@lrrc.com
Telephone: 602.262.5724
**Brian D. Blakley** (*admitted pro hac vice*)
E-Mail: bblakley@lrrc.com
Telephone: 702.474.2687
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ  85004.2595
Telephone: 602.262.5392
Facsimile: 602.262.5747

Attorneys for Defendant Government Employees Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEIF HANSEN, on behalf of himself and all others similarly situated. | Civil Case No. 3:17-cv-1986-MO |
| Plaintiff, | **GOVERNMENT EMPLOYEES INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation, | **[ORAL ARGUMENT REQUESTED]** |
| Defendant. | |

Page 1–REPLY IN SUPPORT OF MOTION TO DISMISS

Nowhere in his Opposition does Hansen argue that GEICO refused to pay the cost to repair covered damage to the rear bumper of his Truck[1] allegedly caused by a collision, or that the amount GEICO paid (with the deductible) was insufficient to pay for those costs. Hansen's Opposition confirms that he wants GEICO to pay for his preferred method for "a proper determination of the scope of necessary repairs or confirmation that repairs have been performed properly and completely." Doc. 25 ("Opp.") at 8. He wants GEICO to pay $200 for this preferred method "[r]egardless of any latent damage that the scans may have identified." *Id.* at 2. Hansen repeatedly calls these scans "necessary repairs," *e.g.*, *id.* at 6, 7, 8, but he does not claim (nor did he allege) that these scans actually repair anything, because they will not do so.

Hansen does not dispute that the Policy only requires GEICO to pay for "direct and accidental loss of or damage to" the Truck caused by "collision," less the deductible. *Id.* at 3 (quoting the Policy). The $200 Hansen seeks will not repair direct and accidental loss of or damage to the Truck – no loss of or damage to the Truck is even alleged. Instead, Hansen seeks $200 to diagnose the scope of potential repairs, which hypothetically was not determined by other means, and to confirm that repairs were performed. Hansen does not allege any repairs were missed when the scope of repairs was determined by other means, or that any repairs were not performed. This is not uncompensated direct and accidental loss of, or damage to, the Truck, as required to establish standing and each of Hansen's claims. It is a claim that GEICO did not use his preferred tool – a requirement that appears nowhere in his Policy.

Absent an allegation of "direct and accidental loss of or damage to" the Truck, Hansen alleged only a theoretical, possible injury, not the real-world injury in fact that can be redressed by this Court, meaning he has no Article III standing. He has also not alleged that GEICO breached any term of his Policy or caused him damage. Since Hansen was fully compensated for the direct and accidental loss of or damage to the Truck, he has not alleged GEICO breached the

---

[1] This Reply uses the same terminology, such as Truck and Policy and GEICO, as in GEICO's Motion to Dismiss (Doc. 22).

Page 2–REPLY IN SUPPORT OF MOTION TO DISMISS

implied covenant of good faith and fair dealing by frustrating his expectations to receive a complete repair. Hansen's Complaint should be dismissed with prejudice.

## I.   HANSEN LACKS ARTICLE III STANDING

Hansen admits in his Opposition that all he has alleged (or can allege) is that there is a "possibility" that some undetected damage to the Truck remains if his preferred diagnostic tool is not paid for by GEICO, which means there is also a possibility that no damage exists. Opp. at 6. Since Hansen cannot allege an actual, rather than a potential, injury, he has no standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (an injury in fact must be "actual or imminent, not conjectural hypothetical") (internal quotation marks omitted). Hansen failed to allege facts supporting an injury in fact and redressability. *See Legal Aid Soc. of Alameda Cty. v. Brennan*, 608 F.2d 1319, 1333 n.26 (9th Cir. 1979) ("To invoke federal jurisdiction, plaintiffs must allege facts adequate to confer standing . . . ."). Hansen's Policy is clear that GEICO only has to pay for "direct and accidental loss of, or damage to" the Truck caused by collision, Compl. ¶ 10, and Hansen does not allege there is any "direct and accidental loss of, or damage to" the Truck, other than conjectural, hypothetical damage, for which GEICO did not pay.

Hansen does not allege that "damage to the rear bumper" of the Truck could not be, or was not, repaired using the funds GEICO provided, plus the deductible. *See* Compl. ¶ 11 (alleging the Truck "suffered damage to the rear bumper in a collision"); Opp. at 1-9 (omitting any argument that the rear bumper could not be, or was not, repaired). He admits as much by taking a sentence from GEICO's Motion out of context. *Id.* at 5-6. GEICO noted that the speculative nature of Hansen's claim is exposed because Hansen – a self-proclaimed experienced shop owner who undisputedly owns a scanning tool he could have used on his Truck to determine whether undetected, unrepaired damage remained – did not allege any undetected or unrepaired damage exists. *See* Doc. 22 ("Mot.") at 5. The *only* reasonable inference from Hansen's failure to so allege is that no undetected, unrepaired damage remains. Because an

injury in fact is Hansen's burden to allege, however, this omission is sufficient to support dismissal without this inference because his speculation and conjecture cannot support standing.

The Complaint does not allege scans are "necessary repairs," as Hansen now asserts. Opp. at 6, 7, 8. Rather, the Complaint alleges scans are a tool to "identify potential damage" and "ensure [a vehicle has] been safely and completely repaired." Compl. ¶¶ 13, 20.[2] Nor does Hansen identify Policy language requiring GEICO to pay for diagnostic scans independent of whether there is "direct and accidental loss of, or damage to" the Truck caused by collision. Without actual, real-world damage that was unidentified, or repairs that were not made, Hansen has not alleged any concrete, redressable injury he suffered, no matter how much a scan costs. Allegations about the "possibility" of theoretical damage that might exist are the exact kind of "conjectural or hypothetical" allegations the Supreme Court has repeatedly rejected. *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)); *see also* Opp. at 6 ("The possibility of undetected damage to Hansen's truck supports his allegation . . . ."). A "hypothetical" injury is not an injury in fact. *Id.*

A conjectural injury is also not redressable by the Court. *West v. Lynch*, 845 F.3d 1228, 1237 (D.C. Cir. 2017) ("When conjecture is necessary, redressability is lacking.") (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 43-44 (1976)). Nowhere does Hansen allege, or argue, that GEICO paying $200 for scans will pay to repair damage to the Truck for which GEICO (plus the deductible) did not already pay. Since there is only a "possibility" of unrepaired damage, Opp. at 6, it is only possible – not likely – that an order requiring electronic scans will identify any unrepaired damage to the Truck. *See* Mot. 8-9. This is constitutionally inadequate to demonstrate redressability. *See, e.g.*, *Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 466 (7th Cir. 1999) (it must be "likely, *rather than merely possible*, that

---

[2] Hansen misrepresents that the Complaint alleges "his truck could not possibly be restored to pre-loss condition, without electronic scans." Opp. at 8 (purporting to paraphrase Compl. ¶¶ 47-48). The cited paragraphs say nothing about the Truck, or any uncompensated repairs. *See* Compl. ¶¶ 47-48.

Page 4–REPLY IN SUPPORT OF MOTION TO DISMISS

a favorable decision by the court would redress the injury") (emphasis added).³

## II.  HANSEN FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

To support breach and damage, Hansen cites paragraphs 41 and 42 of the Complaint for the proposition that scans are "necessary repairs," but those paragraphs say no such thing. *See* Opp. at 7 (citing Compl. ¶¶ 41-42). Paragraphs 41 and 42 conclusorily allege that "policyholders receiv[e] incomplete compensation for their collision losses" and "policyholders [do not receive compensation] for the full extent of their losses." Compl. ¶¶ 41-42; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Instead of "necessary repairs," Hansen concedes scanning is a diagnostic tool to determine "the scope of necessary repairs" or to confirm "repairs have been performed." Opp. at 8.

The sole contractual obligation Hansen alleged GEICO breached is the obligation to pay for "direct and accidental loss of or damage to" the Truck caused by "collision." Compl. ¶¶ 37, 42; Opp. at 7. But all he alleges is that GEICO did not pay to use the tool he claims GEICO should have paid for. Opp. at 8. Hansen's Complaint, as explained in his Opposition, demands these scans "[r]egardless of any latent damage that the scans may have identified." *Id.* at 2.

GEICO's purported refusal to pay for a scan of the Truck is not a breach of the obligation to pay for direct and accidental loss of or damage to the vehicle. To breach that obligation, Hansen would have had to allege there was direct and accidental loss of or damage to the Truck for which it did not pay. He did not. Notwithstanding his effort to toss this matter right away to the jury, Opp. at 7, this is a pleading problem for Hansen. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint must plead "enough facts to state a claim to relief that is plausible on its face"). Hansen's Opposition identifies no allegations of "direct and accidental loss of or damage to" the Truck for which GEICO did not pay. *See, e.g., Slover v. Oregon State*

---

³ Hansen does not dispute his lack of standing precludes him from asserting claims on behalf of the putative class. *See* Mot. at 9.

Page 5–REPLY IN SUPPORT OF MOTION TO DISMISS

*Bd. of Clinical Soc. Workers*, 144 Or App 565, 570 (1996) (to state a claim for breach of contract a plaintiff must allege a defendant's breach resulting in damage to the plaintiff).

### III. HANSEN FAILS TO STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Hansen's Complaint asserts that, by not compensating Hansen for pre- and post-repair scans, GEICO frustrated "the reasonable expectation, rooted in the plain language of the Policy, that GEICO will compensate [Hansen] in an amount sufficient to obtain complete and safe repairs." Compl. ¶ 47. Apparently recognizing he did not allege the amount GEICO paid (plus deductible) was insufficient for him to obtain a complete and safe repair of the Truck, in his Opposition, Hansen tries to change the expectation to an "expectation that GEICO would provide electronic scans for his" Truck. Opp. at 8.

Hansen provides no support for his conclusion that his "electronic scan" expectation is objectively reasonable. *Id.* Instead he claims "a proper determination of the scope of necessary repairs or confirmation that repairs have been performed properly and completely is a 'justified expectation' under the insurance contract" and paying for scans would meet this expectation *Id.* But again, he does not allege that the proper scope of necessary repairs was not determined or that repairs that were done were not performed properly and completely (by his own shop) with the money paid by GEICO (plus deductible). The duty of good faith and fair dealing "does not expand the substantive duties under a contract; rather, it relates to the performance of the contract." *Tucker v. Or. Aero, Inc.*, 474 F Supp2d 1192, 1214 (D Or 2007). Hansen's attempt to move the goalposts fails because it still requires undetected or unrepaired damage to the Truck – which he has not alleged. No matter how he tries to phrase it, without uncompensated damage, he has not plausibly alleged that his objectively reasonable expectations were frustrated, and his claim fails as a matter of law. *See Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 320 Or 638, 644-45 (1995) (the duty of good faith and fair dealing implied in every contract is applied to effectuate the objectively reasonable contractual expectations of the parties).

Page 6–REPLY IN SUPPORT OF MOTION TO DISMISS

## CONCLUSION

GEICO respectfully requests the Court dismiss Hansen's Complaint under Rule 12(b)(2) because he lacks standing, or that each claim be dismissed under Rule 12(b)(6) because Hansen failed to state his claims.

Respectfully submitted this 1st day of March, 2018.

        **OLSON BROOKSBY PC**

        BY: *s/ Scott A. Brooksby*
        **Scott A. Brooksby**, OSB #950562
        sbrooksby@olsonbrooksby.com
        503.290.2420
        **Kristin L. Olson**, OSB #031333
        kolson@olsonbrooksby.com
        503.290.2422

        **LEWIS ROCA ROTHGERBER CHRISTIE LLP**

        **Dan Goldfine** (admitted *pro hac vice*)
        E-mail: dgoldfine@lrrc.com
        Telephone: 602.262.5392
        **Ian M. Fischer** (admitted *pro hac vice*)
        E-mail: ifischer@lrrc.com
        Telephone: 602.262.5724
        **Brian D. Blakley** (*admitted pro hac vice*)
        E-Mail: bblakley@lrrc.com
        Telephone: 702.474.2687
        201 East Washington Street, Suite 1200
        Phoenix, AZ  85004.2595
        Telephone: 602.262.5392
        Facsimile: 602.262.5747

        Attorneys for Defendant Government Employees Insurance Company