**Scott Brooksby, OSB #950562**
E-mail: sbrooksby@olsonbrooksby.com
**Kristin Olson, OSB #031333**
E-mail: kolson@olsonbrooksby.com
**OLSON BROOKSBY PC**
1020 SW Taylor St., Suite 400
Portland, OR 97205
Telephone: 503.290.2420

**Dan Goldfine** (admitted pro hac vice)
E-mail: dan.goldfine@huschblackwell.com
Telephone: 480.824.7887
**Ian M. Fischer** (admitted pro hac vice)
E-mail: ian.fischer@huschblackwell.com
Telephone: 480.824.7885
**HUSCH BLACKWELL LLP**
5060 North 40th Street, Suite 250
Phoenix, AZ 85018
Telephone: 480.824.7900
Facsimile: 480.824.7905

Attorneys for Defendant Government Employees
Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEIF HANSEN, on behalf of himself and all others similarly situated, | Civil Case No. 3:17-cv-01986-MO |
| Plaintiff, | **GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MOTION TO DISMISS** |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland Corporation, | **[ORAL ARGUMENT REQUESTED]** |
| Defendant. | |

**Certification of Compliance with LR 7-1(a)(1)**

Counsel for Defendant Government Employees Insurance Company ("GEICO") certifies that they conferred with Plaintiff's counsel and Plaintiff opposes this Motion.

**Motion**

GEICO moves this Court to dismiss this case with prejudice under Federal Rule of Civil Procedure 12(b)(6). The grounds for this Motion are set forth below. GEICO believes its personal jurisdiction argument from its contemporaneously filed Motion to Strike is best addressed by Rule 12(f), but to avoid any waiver argument GEICO moves to dismiss the claims of absent putative out-of-state class members and expressly incorporates its personal jurisdiction argument as a Rule 12(b)(2) motion here.

**Memorandum of Law**

Plaintiff Leif Hansen's Amended Complaint does not cure the deficiencies that caused this Court and the Ninth Circuit to conclude that he has not sufficiently pled that GEICO breached the terms of his insurance policy (the "Policy") or that a breach caused him damage. His Amended Complaint, with new allegations, also does not plausibly allege GEICO breached a reasonable expectation that GEICO would pay for pre- or post-repair scans under the Policy.

Hansen alleges he made a claim under the Policy for collision damage to the rear bumper of his 2017 GMC Sierra 3500 pickup truck (the "Truck"). Am. Compl. (Doc. 42) at ¶ 14. Although Hansen added an allegation that he "paid for scans after GEICO refused to do so," and that the "scans" "identified damage to the back bumper's right sensor" that "went unrepaired," he still does not allege that GEICO refused to pay the costs to repair covered damage to the Truck caused by the collision, or that the amount GEICO paid (less any deductible) was insufficient to pay the costs to repair covered damage caused by the collision. *Id.* at ¶ 26. That a bumper sensor allegedly did not

work does not mean GEICO did not pay the amount owed under the Policy to repair the bumper. Here, Hansen's repair shop of choice failed to properly perform the repair for which GEICO paid, and Hansen had the scan performed months after he had the Truck repaired. Instead of alleging GEICO refused to pay the costs to repair covered damage to the Truck, Hansen continues to allege only that GEICO refused to pay for pre- and post-repair electronic scans. *Id.* at ¶¶ 24, 25.

Hansen also does not allege, as the Ninth Circuit assumed from the original Complaint, that the scans were "necessary for repair," such that Hansen had a reasonable expectation that they "would be included in the cost of repair." *Hansen v. Government Employees Insurance Company,* 771 Fed. Appx. 385, 387 (9th Cir. 2019). Instead, he appears to allege that scans were necessary to check the work of his chosen repairer. *Id.* at ¶ 26.

## I.    HANSEN'S ALLEGATIONS DO NOT SUPPORT ELEMENTS OF HIS CLAIMS

While GEICO disputes many of Hansen's allegations, it assumes they are true for purposes of this Motion.[1] *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The Complaint alleges that Hansen is the "owner of a group of Portland-area auto repair shops." Am. Compl. at ¶ 15. Hansen is also an insured on a GEICO insurance policy that provides coverage for collision losses to the Truck (*i.e.*, the Policy). *Id.* ¶ 11. According to the Amended Complaint, the Policy's collision coverage states that GEICO "will pay for a collision *loss* to the owned auto or non-owned car for the amount of each loss less the applicable deductible," and it defines "loss" as "direct and accidental loss of or *damage to* . . . an insured auto, including its equipment." *Id.* at ¶ 12 (emphases added) (ellipses in the original)).[2]

---

[1] GEICO particularly disputes Hansen's characterization of the way GEICO allegedly handles policyholder claims generally (*e.g.*, Am. Compl. at ¶¶ 1, 4, 5, 10, 22, 28, 30-32, 48).
[2] The Policy, which the Amended Complaint quotes (although incompletely and with an error) is in the record at Doc. 21-1.

In November 2017, the Truck's rear bumper was allegedly damaged in a collision. *Id*. at ¶ 14. On November 4, Hansen reported a claim to GEICO and scheduled an appointment for a repair estimate. *Id.* During this appointment, Hansen requested "pre- and post-repair electronic scans to ensure that his vehicle was repaired safely and completely." *Id.* at ¶ 15. GEICO "refused to authorize the scans." *Id.* at ¶ 23. On November 8, 2017, after the Truck was repaired, Hansen "again requested electronic scans to ensure that the [Truck] had been safely and completely repaired," which GEICO again refused. *Id.* at ¶ 24. At least five months later, after this Court dismissed Hansen's original Complaint on April 5, 2018, he "paid for scans," which identified damage to the rear bumper that was "unrepaired." *Id.* at 26; May 13, 2019, Oral Argument beginning at 33:05, *available at* https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000015608, last visited August 19, 2019 (Robert Koch: "After Mr. Hansen's Complaint was kicked . . . he did go and pay to have his car scanned . . . .").

Hansen does not allege GEICO did not pay to repair the rear bumper, or that GEICO's repair estimate did not include the necessary repairs to the Truck. Nor does Hansen allege that GEICO failed to pay for complete repairs (less the Policy's deductible). *See generally* Am. Compl. Instead, he alleges that his post-repair scan revealed that his repair shop of choice (likely one of his "Portland-area auto repair shops") had not properly repaired the rear bumper.

Based on these allegations, Hansen asserts individual and putative class claims for (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing (bad faith). *Id.* ¶¶ 43-58.

## II.  THE NINTH CIRCUIT AFFIRMED THE DISMISSAL OF HANSEN'S BREACH OF CONTRACT CLAIM

Hansen's original Complaint, like his Amended Complaint, included breach of contract and breach of the implied covenant of good faith and fair dealing claims. *See* Comparison of Compl. and

Page 4—GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MOTION TO DISMISS

Am. Compl, attached to the Decl. of Ian M. Fischer in Support of Mot. to Dismiss, ("Fischer Decl.") as Ex. 1.  The Amended Complaint also moved some allegations around, added some language from Hansen's appeal brief, and added an allegation that Hansen "paid for scans after GEICO refused to do so," and that the "scans" "identified damage to the back bumper's right sensor" that "went unrepaired." *Id.*

This Court dismissed Hansen's original breach of contract claim because Hansen failed to allege any unrepaired damage:

> For breach of contract, I think it's a fairly straightforward analysis. Some loss or damage that wasn't paid for has to be alleged. And the contract does not on its express terms promise any more than that. It doesn't promise to pay for diagnostics, and external events such as manufacturer's requirements can't really plug much into the contractual analysis.
>
> Certainly, in context, the terms itself in context I don't think mean much different than they do just on their simple expression of the words. It doesn't really, as I look at it in context, mean anything other than to pay for the loss or damages. And so without that, I don't believe that a claim is properly stated.

Tr. of Proceedings, April 5, 2018, at 27, attached to Fischer Decl. as Ex. 2.

This Court also dismissed Hansen's breach of the duty of good faith and fair dealing claim, finding that requiring GEICO to pay for scans would add a term to the Policy.  *Id.* at 29.

The Ninth Circuit agreed with this Court's holding on Hansen's breach of contract claim, but remanded the claim because Hansen was not given an opportunity to amend the Complaint, even though no request had been made.  *Hansen,* 771 Fed. Appx. at 386.  The Ninth Circuit reversed on the bad faith claim, holding that industry standards and practices "effectuated a potentially reasonable expectation" in the circumstances alleged in the Complaint, and that the exclusions on GEICO's liability did not make it "unreasonable to expect that the cost of a diagnostic scan, when necessary for repair, would be included in the cost of a repair." *Id.* at 387.

Hansen chose to amend his Complaint.

## III.  HANSEN'S AMENDED COMPLAINT DOES NOT ALLEGE PLAUSIBLE FACTS SUPPORTING THE ELEMENTS OF HIS CLAIMS

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.,* 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "A pleading that offer 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. A complaint is also insufficient if it merely provides "naked assertion[s] devoid of 'further factual enhancements'" or if the allegations are simply "conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (quoting *Twombly*, 550 U.S. at 557); *Sprewell v. Golden State Warriors*, 226 F.3d 979, 988 (9th Cir. 2001).

## IV.  THE BREACH OF CONTRACT CLAIM FAILS BECAUSE HANSEN DOES NOT ALLEGE BREACH OR DAMAGE

To "'state a claim for breach of contract, [a] plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff.'" *Hansen*, 771 Fed. Appx. at 386 (quoting *Slover v. Or. State Bd. Of Clinical Soc. Workers*, 144 Or. App. 565, 927 P.2d 1098, 1101 (1996)). Hansen's Amended Complaint does not allege facts plausibly suggesting breach or damage.

### A.  The Amended Complaint Does Not Allege GEICO Breached Any Policy Term

Hansen alleges the Policy requires GEICO to pay for loss to his 2017 GMC Sierra 3500 pickup truck (the "Truck") caused by a collision, less the deductible and defines "loss" as "direct and accidental . . . *damage* to" the vehicle, including its equipment. Am. Compl. at ¶ 12. Hansen again

does not allege the November 2017 collision caused any *damage* to the Truck for which GEICO refused to pay. Instead, Hansen alleges that, after repairs to the Truck were performed, an electronic scan revealed that "damage to the back bumper's right sensor" had gone unrepaired. *Id.* at ¶ 26.

The difference between "damage" caused by a collision and an incomplete or inadequate repair is material. Just because Hansen's chosen repair shop did not repair the Truck does not mean GEICO breached the Policy. *Id.* at ¶ 12 (alleging GEICO is obligated to "pay for collision loss" under the Policy).

Rather than alleging GEICO breached a Policy term by not paying for direct and accidental damage to the Truck caused by collision, Hansen alleges that GEICO refused to pay for his preferred tool to confirm that his chosen repair shop completed repairs—*i.e.*, an electronic vehicle scan. As with his original Complaint, Hansen did not (and cannot) allege any "relevant terms" of the Policy that required GEICO to pay for his preferred tool. *Hansen*, 771 Fed. Appx. at 386 ("Under the policy, . . . GEICO's liability is limited to paying costs of the 'loss of' or 'damage to' the vehicle, as measured by the cost of repair."). Hansen still "has not made the necessary allegations that GEICO breached its obligation to pay under the policy." *Id.* Because Hansen failed to allege that GEICO "breached" a "relevant term[]," by refusing to pay for the scans, his breach of contract claims fails. *See Slover*, 144 Or. App. at 570.

### B. The Amended Complaint Does Not Allege Damage

"'Damage is an *essential element* of any breach of contract action.'" *Hansen,* 771 Fed. Appx. at 386 (quoting *Moini v. Hewes*, 93 Or. App. 598, 602-03 (1988)) (emphasis added). Damage, by Hansen's own admission, would be a "direct and accidental loss of or damage to" the Truck that GEICO (with the deductible) has not paid to repair. Am. Compl. ¶ 12. Here, Hansen alleges no such thing. Rather, Hansen alleges GEICO declined to pay for electronic confirmation that his chosen


repairer properly completed repairs. He does not allege there was any damage to the Truck for which GEICO did not pay to repair. Nor does he allege that the sensor he now complains was "unrepaired" would not have been repaired had his chosen repair shop properly completed the repairs for which GEICO paid. The Policy only requires GEICO to pay for "collision loss," not for faulty repairs.

V. **THE BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM FAILS BECAUSE HANSEN DOES NOT ALLEGE HIS REASONABLE EXPECTATIONS WERE FRUSTRATED**

The duty of good faith and fair dealing is designed "to facilitate performance and enforcement [of a contract] in a manner that is consistent with the terms of the contract and that effectuates the reasonable contractual expectations of the parties." *Whistler v. Hyder*, 129 Or. App. 344, 348 (1994). The duty, however, cannot be "inconsistent with the express terms of a contract." *Eggiman v. Mid–Century Ins. Co.*, 134 Or. App. 381, 386 (1995). It "cannot contradict an express contractual term." *Stevens v. Foren*, 154 Or. App. 52, 58 (1998).

This Court was correct when it concluded that requiring GEICO to pay for scans would be "a new term, inconsistent with the express terms of the contract" because the Policy limits GEICO's liability to "the prevailing competitive price to repair or replace the property at the time of loss." Fischer Decl. Ex. 2, Tr. of Proceedings, at 28; Doc. 21-1, Policy, at 12. GEICO specifically incorporates its prior arguments and this Court's holding on this claim.

The Ninth Circuit, however, held "that industry standards and practices . . . effectuated a potentially reasonable contractual expectation that GEICO would cover the cost of diagnostic scans in these circumstances." *Hansen*, 771 Fed. Appx. at 387. In so holding, the Ninth Circuit specifically stated that the liability limit in the Policy does not "make it unreasonable to expect that the cost of a diagnostic scan, when necessary for repair, would be included in the cost of a repair." *Id.* Hansen's Amended Complaint does not, however, allege that a pre- or post-repair scan was "necessary for repair," such that it should have been included in the cost of the repair. Rather, all Hansen alleges is

that, after the repairs GEICO paid for to the rear bumper were performed, there was unrepaired damage. It remains inconsistent with the terms of the Policy to compel GEICO to pay for a scan to confirm that Hansen's chosen repairer correctly performed the work for which GEICO paid.

Hansen's Amended Complaint makes clear he only paid for a post-repair scan, not for repair to damage to the Truck caused by collision. Am. Compl. ¶¶ 24, 26. If he were to now allege he performed a pre-repair scan, the allegation would not be plausible because his two iterations of his complaint, and his argument to this Court and the Ninth Circuit omitted the pre-repair scan. Hansen's good faith and fair dealing claim fails because the Amended Complaint includes no plausible allegation that a scan was necessary to repair damage to the rear bumper, much less to identify damage to a rear bumper where the reported loss was "damage to the rear bumper in a collision" (*i.e.*, if GEICO paid to replace the rear bumper showing physical damage, it would not need to pay for a scan to determine if the rear bumper also had, at that point, undetected electronic damage). Hansen still has not alleged that the scan performed was necessary for repair of damage caused by collision.

As Hansen conceded at oral argument on GEICO's motion to dismiss his original Complaint, "[i]t is the insured's ultimate obligation to present to the insurer here the damage." Fischer Decl. Ex. 2, Tr. of Proceedings, at 7:1-4. Whether it was a pre- or post-repair scan, Hansen's has not plausibly alleged that his reasonable expectations were frustrated.

## VI.  CONCLUSION

GEICO respectfully requests that this Court dismiss Hansen's Amended Complaint with prejudice under Rule 12(b)(6) because Hansen has failed to state his claims.

Respectfully submitted this 19th day of August, 2019.

                                               BY:   *s/ Ian Fischer*

**Scott A. Brooksby**, OSB #950562
sbrooksby@olsonbrooksby.com
503.290-2420
**Kristin L. Olson**, OSB #031333
kolson@olsonbrooksby.com
503.290.2422
**OLSON BROOKSBY PC**


**Dan Goldfine** (admitted pro hac vice)
E-mail: dan.goldfine@huschblackwell.com
Telephone: 480.824.7887
**Ian M. Fischer** (admitted pro hac vice)
E-mail: ian.fischer@huschblackwell.com
Telephone: 480.824.7885
**HUSCH BLACKWELL LLP**
5060 North 40th Street, Suite 250
Phoenix, AZ 85018
Telephone: 480.824.7900
Facsimile: 480.824.7905

Attorneys for Defendant Government Employees Insurance Company